981 F.2d 1245
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Efren YEPEZ, Defendant, Appellant.
 No. 91-1669.
 United States Court of Appeals,
First Circuit.
 December 16, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 H. Manuel Hernandez on brief for appellant.
 Daniel F. Lopez-Romo, United States Attorney, Edwin O. Vzquez, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 D. Puerto Rico
 Affirmed.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Efren Yepez appeals his conviction for possession of cocaine with intent to distribute, on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903. The sole issue on appeal is whether the district court erred in denying appellant's motion for a judgment of acquittal based upon appellant's contention that there was a complete lack of admissible evidence that the vessel was without nationality, and thus subject to the jurisdiction of the United States. We affirm.
 
 Background
 
 2
 Appellant was indicted with three co-defendants in November 1990. He and his co-defendants were convicted after a four-day jury trial in March 1991. Appellant was sentenced in June, 1991 and subsequently filed a timely notice of appeal from his conviction. Initially, his appeal was consolidated with those of his co-defendants. Withdrawal by appellant's counsel shortly before oral argument was scheduled before this court, however, necessitated appointment of new counsel and postponement of his appeal. Appellant's co-defendants' appeal, on the ground of insufficiency of evidence, went forward. This court affirmed the co-defendants' convictions. See United States v. Diaz-Caraballo, et al., Nos. 91-1667, 91-1668, 91-1670, slip op. (1st Cir. July 16, 1992).
 
 Discussion
 
 3
 Appellant argues that his motion for acquittal should have been granted since there was a "total lack of admissible evidence that the boat appellant was on when arrested was a stateless vessel subject to the jurisdiction of the United States, an essential element of the offense." The statute under which appellant was convicted, 46 U.S.C. App. § 1903, provides, in relevant part, as follows:
 
 
 4
 It is unlawful for any person on board a vessel ... subject to the jurisdiction of the United States ... to possess with intent to ... distribute, a controlled substance.
 
 
 5
 Section 1903(c)(1) explains that a vessel "subject to the jurisdiction of the United States" includes a "vessel without nationality." A "vessel without nationality" is, in turn, defined to include "a vessel aboard which the master or person in charge makes a claim of registry, which claim is denied by the flag nation whose registry is claimed ...." § 1903(c)(2)(A). The statute then provides that a denial of a claim of registry "may be proved by certification of the Secretary of State or the Secretary's designee." Id.
 
 
 6
 Appellant and the government agree that those aboard the vessel in question made a claim of Panamanian registry. At trial, the government submitted the following evidence of denial of the claim by the Panamanian government. First, Mr. Wallace Baines, a member of the Coast Guard team which discovered appellant's and his co-defendants' illegal activities, testified that the Coast Guard had contacted Panama, through the State Department, and that Panama had denied that the vessel was Panamanian. That testimony was admitted over appellant's objection that it constituted hearsay. Second, the government introduced a certificate of a designee of the Secretary of State indicating that the Panamanian government had denied that the vessel was registered in Panama.
 
 
 7
 Appellant argues that Mr. Baines' testimony was inadmissible hearsay and that the certificate from the Secretary of State's Office was never admitted into evidence.[1] Our examination of the entire record indicates that the certificate was admitted into evidence. Therefore, we need not decide whether Mr. Baines' testimony was inadmissible hearsay.
 
 
 8
 The trial transcript itself does not indicate that the government offered the certificate into evidence or that the court admitted it.[2] Other parts of the record, however, indicate that the certificate was offered and admitted into evidence off the transcribed record. The original certificate, provided to this court by the district court as Volume XIII of the record, is marked as "Plaintiff's Exhibit 16." The Exhibit and Witness List prepared for the trial by the district court includes a column headed "Date Offered" and another headed "Admitted." With respect to Plaintiff's Exhibit 16, both columns are filled in with the date "3 8." From this document, therefore, it appears that the certificate was both offered and admitted on March 8, 1991, the second day of trial. Confirming this conclusion are the minutes from the second day of trial. Those minutes, prepared by the courtroom deputy, include the following notation: "Government's exhibits 14-18, filed."
 
 
 9
 There is no indication that appellant or his co-defendants objected to the admission of Exhibit 16. Nor did they contest the certificate's admissibility when, a month prior to trial, the government notified them, pursuant to Fed. R. Crim. P. 12(d)(2), that it intended to use the certificate as evidence in its case. Appellant does not now argue that Exhibit 16 was inadmissible. Nor are we aware of any basis upon which such an argument could be made. Title 46 U.S.C. App. § 1903(c)(2) specifically provides that a denial of a claim of registry "may be proved by certification of the Secretary of State or the Secretary's designee." Fed. R. Evid. 909 provides that extrinsic evidence of authenticity is not required as a precondition of admissibility of "domestic public documents not under seal," of which Exhibit 16 is one. We conclude that the certificate was admitted as evidence for consideration by the jury in reaching its verdict in this case.
 
 Conclusion
 
 10
 Upon an examination of the entire record, we conclude that there was sufficient evidence from which the jury could have found that the vessel on which appellant was travelling was a vessel without nationality, within the meaning of 26 U.S.C. App. § 1903(c)(2)(A). The district court's denial of appellant's motion for acquittal is summarily affirmed pursuant to First Circuit Rule 27.1.
 
 
 
 [1]
 The appellate brief of co-defendant Carlos Tobar also noted that "[t]he record available to Appellate Counsel appears not to include any mention of the introduction into evidence [of the] required certification of [denial of registry] by the State Department," but did not specifically argue that there was insufficient proof of lack of nationality. None of the co-defendants argued on appeal that Mr. Baines' testimony was inadmissible hearsay. Therefore, our opinion in Diaz-Caraballo is not controlling here
 
 
 [2]
 The only references in the trial transcript to the certificate are in the government's opening and closing statements describing the evidence presented